# Davidson v. Adams.

### Bill in Equity to Reach Proceeds of Lands.

1. *Bill to correct judicial proceedings; when will not lie*—A bill averring that certain funds, arising from the sale of lands under a decree in a cause to which complainant and respondent were parties, and in which they were declared to have an equal interest, were in fact the sole property of complainant, who had a legal title thereto, and seeking to have said funds paid to complainant, but averring no accident, fraud, or mistake in procuring said decree to which complainant can object, nor the insolvency of respondent, presents no ground for relief in equity.

APPEAL from Montgomery City Court.
Tried before Hon. A. D. SAYRE.
The case is stated in the opinion.

MARKS & SAYRE, for appellant.

GUNTER & GUNTER, and C. P. MCINTYRE, contra.

MCCLELLAN, J.—The case made by the bill, which is filed by J. R. Adams against H. C. Davidson, is in substance this: The register of the chancery court of Montgomery has or will have in his custody the sum of $2720 proceeds of the sale of certain land for partition made under a decree rendered on a bill which alleged that Moses Brothers owned a one-half interest in said land and J. R. Adams and H. C. Davidson—the complainant and respondent in the present bill—owned the other undivided half interest as partners under the firm name of J. R. Adams & Co. The averments of that bill, which was filed and prosecuted by Cheney, as trustee of

Moses Brothers, to the contrary notwithstanding, J. R. Adams alone owned the half interest alleged to belong to him and Davidson, and he alone is entitled to one-half of the proceeds of sale under the decree, instead of being the owner of the one-half interest in common with Davidson and entitled to one-fourth only of the proceeds, as is alleged in Cheney's bill. It does not affirmatively appear that the said register will distribute one-fourth of said fund to Davidson, but only that he has or will have the fund in his hands "for distribution to the owners thereof." It does not appear that Davidson is insolvent. It also appears that Moses Brothers originally paid the entire purchase money for the land, and it was thereupon conveyed to them, but that afterwards Adams refunded and paid to them one-half the purchase money, and that thereupon Moses Brothers conveyed a one-half undivided interest in the land to him individually, and he now holds the legal title thereto. The prayer of the bill is that "after the payment of the share of the proceeds of said sale of said land belonging to said John C. Cheney, trustee, the remainder thereof, *viz.,* one half, be decreed to be paid to orator." And there is a further prayer for such other relief as complainant may be entitled to.

We are unable to refer the case thus presented to any recognized head of equity jurisdiction. It clearly does not involve the settlement of a partnership; the bill avers that no partnership with reference to the land ever existed between complainant and defendant, and further that the partnership which did at one time exist between them had been fully settled and dissolved. It does not involve the partition of land between the parties nor the division of the proceeds of land, since the bill shows that they never held any land in common and that they have no joint or common interest in the fund arising from the sale of land. It does not involve any equitable title; the bill alleges in the clearest manner that complainant's title was a perfect legal one. No accident, fraud or mistake is averred, made or committed by either party to the suit; and if reliance could be had upon the mistake of Cheney, a stranger to this action, in stating the interests of Adams and Davidson, any injury which has resulted therefrom to complainant is chargeable to his own *laches* and negligence, from which he is not en-

[Clewis v. Malon & Sons.]

titled to relief in any forum. Under the facts averred in the bill the complainant had a perfect legal title to the land. It follows that he has at law a perfect right to the proceeds of the sale of the land, unless in consequence of his own supineness and neglect the decree under Cheney's bill has divested him thereof; and if that is true, he has no standing in equity to correct that decree save by bill of review for error apparent. And if, on the other hand, that decree is not *res adjudicata* against his legal title, he may, as soon as he is damnified by a distribution of the money to Davidson, bring an action at law for money had and received against the latter, and in that action, Davidson being solvent, he could fully effectuate his rights.

Our conclusion is, that the motion to dismiss the bill for want of equity should have been sustained. The decree of the city court must, therefore, be reversed; and a decree will be here entered sustaining said motion and dismissing the bill for the want of equity.

Reversed and rendered.